**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

**Case No. 26-1437**

---

RECEIVED
JUL 13 2026
KELLY L. STEPHENS, Clerk

**RHONDA ESSAK,**
Plaintiff-Appellant,

v.

**JOSHUA SOSNOWSKI, et al.,**
Defendants-Appellees.

---

On Appeal from the United States District Court

for the Eastern District of Michigan

Case No. 2:25-cv-11470-LJM-DRG (Hon. Laurie J. Michelson)

---

**BRIEF OF PLAINTIFF-APPELLANT RHONDA ESSAK**

---

**Rhonda Essak**
Plaintiff-Appellant, Pro Se
3345 Giddings Blvd
Highland Township, MI 48356
(248) 818-4444
rwared@gmail.com

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Plaintiff-Appellant Rhonda Essak states that she is a natural person appearing pro se. She is not a subsidiary or affiliate of any publicly owned corporation, and she is unaware of any publicly owned corporation not a party to this appeal that has a financial interest in the outcome.

# TABLE OF CONTENTS

DISCLOSURE OF CORPORATE AFFILIATIONS....................................i

TABLE OF AUTHORITIES..........................................................................iii, iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT.................................1

JURISDICTIONAL STATEMENT...............................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW.............................3

STATEMENT OF THE CASE.......................................................................4

A. Nature of the Case...........................................................................4

B. Procedural History...........................................................................4

C. Statement of Facts...........................................................................6

SUMMARY OF THE ARGUMENT.............................................................8

STANDARD OF REVIEW..........................................................................10

ARGUMENT.............................................................................................11

I. The District Court Misapplied the § 1915 Frivolousness Standard.......11

II. The District Court Confused Civil and Criminal RICO.......................12

III. Pro Se Plaintiff Was Denied Opportunity to Amend..........................14

IV. Pro Se Liberal Construction Was Not Applied..................................14

V. Rooker-Feldman Was Misapplied......................................................15

VI. Rule 59(e) Relief Was Wrongly Denied............................................16

CONCLUSION...........................................................................................18

CERTIFICATE OF COMPLIANCE...........................................................19

CERTIFICATE OF SERVICE.....................................................................20

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS......21

# TABLE OF AUTHORITIES

## Cases

*Am. Postal Workers Union v. Indep. Postal Sys.*, 481 F.2d 90 (6th Cir. 1973)....................12, 13

*Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011)....................8, 14

*Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834 (6th Cir. 2018)....................10, 17

*Coppedge v. United States*, 369 U.S. 438 (1962)....................1

*Denton v. Hernandez*, 504 U.S. 25 (1992)....................3, 7, 8, 11, 12, 16

*Erickson v. Pardus*, 551 U.S. 89 (2007)....................3, 8, 10, 15

*Essak v. Sosnowski*, Michigan Supreme Court No. 169359 / COA No. 376884 (2026)....................5, 7, 16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)....................8, 15

*Foman v. Davis*, 371 U.S. 178 (1962)....................14

*GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999)....................9, 16, 17

*Haines v. Kerner*, 404 U.S. 519 (1972)....................3, 8, 15

*Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010)....................10

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021)....................12

*LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013)....................8, 10, 14

*Neitzke v. Williams*, 490 U.S. 319 (1989)....................3, 8, 11

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)....................8, 13

## Statutes

18 U.S.C. § 1961 et seq.(RICO)....................2, 6

18 U.S.C. § 1964(c) (civil RICO private right of action)....................1, 2-4, 6, 8, 12, 13, 17

18 U.S.C. § 1503, witness tampering under……………………..6

18 U.S.C. § 1512, interstate stalking under…………..6

18 U.S.C. § 2261A, and Hobbs Act extortion under ……………..6

18 U.S.C. § 1951…………………………….6

28 U.S.C. § 1291 (appellate jurisdiction)..........................................................2

28 U.S.C. § 1331 (federal question jurisdiction)...................................................2

28 U.S.C. § 1343(a) (civil rights jurisdiction)....................................................2, 6

28 U.S.C. § 1915(e)(2)(B) (in forma pauperis screening……….1, 3-6, 8, 10-12, 14

42 U.S.C. § 1983 (civil action for deprivation of rights)....................................4, 7

**Rules**

Fed. R. App. P. 4(a)(4)(A)(iv)...........................................................................2

Fed. R. App. P. 24(a)(3)....................................................................................2

Fed. R. Civ. P. 15(a)(2)....................................................................................14

Fed. R. Civ. P. 59(e)...........................................................................................12, 16, 17, 18

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiff-Appellant respectfully requests oral argument pursuant to Sixth Circuit Rule 34(a). This appeal presents substantial questions regarding the proper application of 28 U.S.C. § 1915(e)(2)(B) to a pro se complaint supported by documentary evidence, the distinction between civil and criminal RICO under 18 U.S.C. § 1964(c), and the obligation of district courts to afford pro se litigants an opportunity to amend before dismissal. Oral argument would substantially aid the Court's decisional process by allowing focused inquiry into these legal standards and their application to the record before the District Court.

## JURISDICTIONAL STATEMENT

### A. District Court Jurisdiction

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a) (civil rights), and 18 U.S.C. § 1964(c) (civil RICO). Plaintiff-Appellant's Amended Complaint (R. 12, PageID 151–310) asserted claims arising under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and 18 U.S.C. § 1961 et seq.

### B. Court of Appeals Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's October 7, 2025 Opinion and Order Dismissing Complaint (R. 23, PageID 1234–1245) was a final order disposing of all claims against all parties. The District Court denied Plaintiff-Appellant's timely Rule 59(e) motion (R. 24) on April 23, 2026 (R. 28, PageID 1553–1560).

### C. Timeliness of Appeal

The Notice of Appeal was filed on May 6, 2026 (R. 29, PageID 1561–1562), within 30 days of the April 23, 2026 entry of the order disposing of Plaintiff-Appellant's timely Rule 59(e) motion, as required by Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). This Court docketed the appeal on May 7, 2026, as Case No. 26-1437. Plaintiff-Appellant proceeds in forma pauperis pursuant to FRAP 24(a)(3), IFP having been granted by the District Court (R. 23, PageID 1234).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**I.** Whether the District Court erred in dismissing Plaintiff-Appellant's Amended Complaint as factually frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) where the allegations were supported by documentary evidence including governmental admissions, financial records, and certified transcripts, and therefore could not be 'clearly baseless' within the meaning of *Neitzke v. Williams* and *Denton v. Hernandez*.

**II.** Whether the District Court erred in dismissing Plaintiff-Appellant's civil RICO claim under 18 U.S.C. § 1964(c) by applying the standard applicable to criminal RICO prosecutions and concluding that a private citizen cannot bring such a claim.

**III.** Whether the District Court erred in dismissing the Amended Complaint without affording Plaintiff-Appellant, a pro se litigant, an opportunity to amend to cure the specific deficiencies first identified in the screening order.

**IV.** Whether the District Court failed to apply the liberal construction standard required for pro se pleadings under *Haines v. Kerner* and *Erickson v. Pardus*.

**V.** Whether the District Court erred in applying the Rooker-Feldman doctrine and the domestic-relations exception to dismiss federal constitutional and RICO claims not seeking review of any state-court judgment.

**VI.** Whether the District Court erred in denying Plaintiff-Appellant's Rule 59(e) motion despite the intervening February 27, 2026 Michigan Supreme Court remand bearing directly on the frivolousness finding.

## STATEMENT OF THE CASE

### A. Nature of the Case

This is a civil action filed by a pro se litigant proceeding in forma pauperis. Plaintiff-Appellant Rhonda Essak, an American Palestinian woman residing in Highland Township, Michigan, sought relief under 42 U.S.C. § 1983, 18 U.S.C. § 1964(c) (civil RICO), and the Fourth and Fourteenth Amendments to the United States Constitution against state and private actors alleged to have engaged in coordinated conduct depriving her of constitutional rights and constituting a pattern of racketeering activity. The Amended Complaint was dismissed at the § 1915(e)(2)(B) screening stage before service of process was effected on any defendant and before any defendant appeared.

### B. Procedural History

On May 16, 2025, Plaintiff-Appellant filed her initial Complaint (R. 1) and Application to Proceed Without Prepaying Fees or Costs (R. 5). The case was initially assigned to District Judge Terrence G. Berg.

On July 22, 2025, Plaintiff-Appellant filed an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction (R. 6), supported by exhibits (R. 7, R. 8). On July 25, 2025, Judge Berg denied both motions (R. 9, PageID 68–80).

On July 28, 2025, the case was reassigned to District Judge Mark A. Goldsmith (R. 10). On July 31, 2025, Judge Goldsmith recused himself and the case was reassigned to District Judge Laurie J. Michelson (R. 11), who presided over all subsequent proceedings.

On August 6, 2025, Plaintiff-Appellant filed her Amended Complaint with Jury Demand, adding new parties (R. 12, PageID 151–310). On August 11, 2025, Plaintiff-Appellant filed a Motion to Vacate State Court Judgments (R. 13).

On August 26, 2025, Plaintiff-Appellant filed a 700-page 'Summation Cover Statement' (R. 14). On August 28, 2025, District Judge Michelson struck R. 14 by text order, finding that it failed to identify any relevant court rule permitting or supporting the filing.

On September 2, 2025, Plaintiff-Appellant filed a second Emergency Motion for Temporary Restraining Order (R. 15) and an Emergency Motion to Expedite Consideration (R. 17). On September 3, 2025, the District Court granted the motion to expedite but denied the TRO (R. 19, PageID 394–405).

On September 4, 2025, Plaintiff-Appellant filed an Emergency Motion for Reconsideration (R. 20). On September 8, 2025, the District Court denied that motion (R. 21, PageID 425–434).

On September 24, 2025, the District Court denied the Motion to Vacate State Court Judgments (R. 22, PageID 440–450).

On October 7, 2025, the District Court issued its Opinion and Order Granting the IFP Application and Dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (R. 23, PageID 1234–1245). The Court found that the Amended Complaint was factually frivolous and failed to state a claim. No defendant was served with process. No defendant appeared in the District Court.

On October 27, 2025, Plaintiff-Appellant timely filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (R. 24, PageID 1246–1310).

On February 5, 2026, Plaintiff-Appellant filed Supplemental New Evidence in support of the pending Rule 59(e) motion (R. 25).

On February 27, 2026, the Michigan Supreme Court remanded a related state appellate proceeding, *Essak v. Sosnowski*, Michigan Supreme Court No. 169359 / COA No. 376884, for plenary appellate review — an intervening development occurring during the pendency of the Rule 59(e) motion.

On March 4, 2026, Plaintiff-Appellant filed a Notice of Supplemental Authority in support of the pending Rule 59(e) motion (R. 26).

On March 23, 2026, Plaintiff-Appellant filed her Index of Authorities and Exhibits (R. 27).

On April 23, 2026, the District Court denied the Rule 59(e) motion (R. 28, PageID 1553–1560). The order was centrally printed for service and entered on the docket the same day.

On May 6, 2026, Plaintiff-Appellant filed her Notice of Appeal (R. 29, PageID 1561–1562), timely under FRAP 4(a)(4)(A)(iv) as filed within 30 days of the April 23, 2026 order denying the Rule 59(e) motion. This Court docketed the appeal as Case No. 26-1437 on May 7, 2026.

**No Defendant was ever served with process. No Defendant appeared in the District Court. The Amended Complaint was dismissed at screening pursuant to 28 U.S.C. § 1915(e)(2)(B) before any responsive pleading was due or filed.**

## C. Statement of Facts

### 1. The Documentary Foundation

This case originates from a contractor dispute involving Defendant Joshua Sosnowski, doing business as SOS Building and Contracting, who was retained and paid $86,000 through four cashier's checks drawn on JPMorgan Chase Bank by Plaintiff-Appellant's father, Mustafa M. Wared, for renovations to Plaintiff-Appellant's residence at 3345 Giddings Boulevard, Highland Township, Michigan, beginning in March 2024. (R. 24, PageID 1329–1337.) Sosnowski abandoned the work and — as documented in a Police Report, Highland Township Building Inspector's Report and eyewitness testimony — removed property from the premises without authorization. (R. 24, PageID 1264.)

The Amended Complaint rests on a documentary foundation including: (a) an email from Sergeant David Bach of the Oakland County Sheriff's Office, obtained through FOIA, documenting that Bach communicated with Plaintiff-Appellant's insurance adjuster and PPO office and kept Lieutenant Snyder informed of those communications (R. 24, PageID 1264); (b) an Oakland County Sheriff's report in which Plaintiff-Appellant's race coding was altered from 'White' to 'Arab' on June 24, 2024 (R. 24, PageID 1267–68); and (c) financial records documenting the $86,000 in contractor payments (R. 24, PageID 1329–1337). These documents — a government email, an official police report, and authenticated bank records — are not the kind of 'fantastic' or 'delusional' materials that justify § 1915 frivolousness dismissal. They are the foundation of cognizable federal claims.

### 2. The Alleged RICO Enterprise and Pattern

Count VI of the Amended Complaint (R. 12, PageID 151–310) pleaded a civil claim under 18 U.S.C. § 1964(c). The alleged enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4) consisting of the contractor defendant, private attorneys who represented adverse parties in related state court proceedings, insurance company actors, and Oakland County Sheriff's Office personnel. The alleged pattern of racketeering activity includes predicate acts of wire fraud under 18 U.S.C. § 1343, obstruction of justice under 18 U.S.C. § 1503, witness tampering under 18 U.S.C. § 1512, interstate stalking under 18 U.S.C. § 2261A, and Hobbs Act extortion under 18 U.S.C. § 1951. The alleged pattern extends from December 2022 through the pendency of this appeal — more than three years of continuous, related conduct. (R. 24, PageID 1246–1310.)

### 3. The Constitutional Violations Alleged

The Amended Complaint separately alleged four categories of constitutional injury under 42 U.S.C. § 1983: (a) Fourth Amendment violations through warrantless searches and seizures of Plaintiff-Appellant's curtilage; (b) Fourteenth Amendment equal protection violations arising from discriminatory enforcement, including the race-alteration in the official Sheriff's report (R. 24, PageID 1267–68); (c) Fourteenth Amendment due process violations through fabrication of evidence in official records; and (d) First Amendment retaliation for Plaintiff-Appellant's exercise of her right to petition the courts. (R. 12, PageID 151–310.)

**4. The Michigan Supreme Court Remand**

On February 27, 2026 — during the pendency of Plaintiff-Appellant's Rule 59(e) motion — the Michigan Supreme Court entered an order remanding a related state appellate proceeding, Case No. SC: 169359 / COA: 376884 (*Essak v. Sosnowski*), to the Michigan Court of Appeals for plenary appellate review. (R. 26.) This remand does not adjudicate any federal claim. It is cited for the limited proposition that the Michigan Supreme Court found the underlying state-court dispute of sufficient merit to warrant full appellate consideration — a fact directly bearing on whether Plaintiff-Appellant's allegations could properly be characterized as 'clearly baseless' or 'fantastic' within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

## SUMMARY OF THE ARGUMENT

The District Court dismissed Plaintiff-Appellant's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), characterizing it as factually frivolous. That characterization cannot withstand de novo review for six independent reasons.

**First**, the § 1915 frivolousness standard requires that allegations be 'clearly baseless,' 'fanciful,' or 'delusional.' *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff-Appellant's allegations were supported by a FOIA-obtained government email, an altered official Sheriff's report, and authenticated financial records totaling $86,000. Allegations supported by such documents cannot be 'clearly baseless' as a matter of law.

**Second**, the District Court treated Plaintiff-Appellant's civil RICO claim under 18 U.S.C. § 1964(c) as if it were a criminal prosecution, holding that she 'as a private citizen, cannot bring criminal charges against other private citizens.' (R. 28, PageID 1556.) That conclusion overlooks the express congressional grant of a private civil right of action in § 1964(c), which the Supreme Court confirmed in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985). The District Court applied the wrong statute to the wrong claim.

**Third**, this Court's precedents require that a pro se plaintiff be afforded at least one opportunity to amend in response to specific pleading deficiencies identified by the court before dismissal under § 1915. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011). The October 7, 2025 screening order was the first identification of specific deficiencies. No opportunity to cure was provided.

**Fourth**, the District Court invoked the liberal construction principle under *Erickson v. Pardus*, 551 U.S. 89 (2007), and *Haines v. Kerner*, 404 U.S. 519 (1972), but then demanded specificity inconsistent with that standard, describing Plaintiff-Appellant's allegations as 'indecipherable' and 'opaque' without construing them to fit cognizable theories.

**Fifth**, the District Court's application of Rooker-Feldman cannot be reconciled with *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), which confines the doctrine to cases seeking district court review and rejection of state-court judgments. Plaintiff-Appellant's federal claims concern independent constitutional and statutory violations — not the results of any state proceeding.

**Sixth**, the District Court denied Plaintiff-Appellant's Rule 59(e) motion without addressing the February 27, 2026 Michigan Supreme Court remand. That intervening development, post-dating the dismissal and occurring during the pendency of the Rule 59(e) motion, bore directly on the frivolousness characterization and presented grounds for relief under the manifest-injustice prong of Rule 59(e). *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

This Court should reverse the dismissal, vacate the order denying Rule 59(e) relief, and remand with instructions that Plaintiff-Appellant be permitted to amend her complaint.

## STANDARD OF REVIEW

This Court reviews a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B) **de novo**. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). De novo review applies to both the legal frivolousness inquiry under § 1915(e)(2)(B)(i) and the failure-to-state-a-claim inquiry under § 1915(e)(2)(B)(ii). *Id.*

The denial of a Rule 59(e) motion is reviewed for abuse of discretion. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). However, 'to the extent that the district court's decision rests on a legal conclusion, this Court reviews de novo.' *Id.* The denial of leave to amend is likewise reviewed for abuse of discretion, but the failure to permit amendment of a pro se complaint before dismissal under § 1915 is generally reversible. *LaFountain*, 716 F.3d at 951.

De novo review — the most searching standard in federal appellate practice — requires this Court to examine the record afresh, giving no deference to the District Court's characterizations. Given the liberal construction afforded pro se complaints under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this Court applies the most plaintiff-favorable analysis available in federal law to this record.

## ARGUMENT

## I. THE DISTRICT COURT MISAPPLIED THE § 1915 FRIVOLOUSNESS STANDARD BY CHARACTERIZING AS FACTUALLY FRIVOLOUS ALLEGATIONS SUPPORTED BY DOCUMENTARY EVIDENCE.

### A. The Neitzke / Denton Standard.

Section 1915(e)(2)(B)(i) authorizes dismissal of an in forma pauperis complaint only if the action is 'frivolous or malicious.' The Supreme Court defined the factual frivolousness standard with care. In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Court held that a complaint is frivolous only when it 'lacks an arguable basis either in law or in fact.' *Id.* at 325. In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Court further explained that factual frivolousness requires allegations that are 'clearly baseless,' 'fanciful,' 'fantastic,' or 'delusional.' *Id.* at 32–33.

A district court may not dismiss as frivolous merely because allegations are 'unlikely' or because the court doubts they will be proven. *Denton*, 504 U.S. at 33. The standard is not whether the court believes the allegations, but whether they describe 'fantastic' or 'delusional' scenarios untethered from reality. *Id.*

### B. The Allegations Were Supported by Documentary Evidence.

The Amended Complaint rested on three categories of documentary evidence in the district court record, each of which independently forecloses a frivolousness finding:

**First, a FOIA-obtained government email from Sergeant Bach (R. 24, PageID 1264)** documenting that a named law enforcement defendant communicated with Plaintiff-Appellant's insurance adjuster and PPO office and kept Lieutenant Snyder informed of those communications. A government email written by a named defendant about the subject matter of the litigation is not a 'fantastic' or 'delusional' allegation — it is a government record.

**Second, an Oakland County Sheriff's official report in which Plaintiff-Appellant's race was coded as 'Arab' after previously being recorded as 'White' (R. 24, PageID 1267–68).** Whether this alteration was intentional or the product of a policy, it is a documented fact in an official law enforcement record. It supports cognizable equal protection and fabricated-evidence claims.

**Third, authenticated financial records documenting $86,000 in cashier's checks paid to Defendant Sosnowski (R. 24, PageID 1329–1337).** These bank

records establish the predicate fact of payment that underlies the contractor fraud and RICO claims.

Allegations supported by a government email, an official police report, and authenticated bank records are not 'clearly baseless.' They describe events grounded in physical documents. Whatever weight a fact-finder ultimately gives them, they cannot be characterized as the 'irrational or wholly incredible' allegations the Supreme Court identified as the proper subject of § 1915 frivolousness dismissals. *Denton*, 504 U.S. at 33.

### C. Documentary Support Forecloses a Frivolousness Finding.

The presence of documentary support distinguishes this case from the decisions in which § 1915 frivolousness dismissals have been affirmed by this Court. This Court has recognized that where a plaintiff's allegations 'are not wholly incredible, inconsistent with the record, or supported by no evidence whatsoever,' the proper analysis is under Rule 12(b)(6) — not the threshold frivolousness screen. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021). A complaint supported by governmental admissions is not the class of case § 1915(e)(2)(B)(i) was designed to reach.

## II. THE DISTRICT COURT CONFUSED CIVIL AND CRIMINAL RICO AND FAILED TO APPLY 18 U.S.C. § 1964(c).

### A. The District Court's Stated Rationale.

In its order denying Rule 59(e) relief, the District Court wrote that Plaintiff-Appellant, 'as a private citizen, cannot bring criminal charges against other private citizens,' citing 28 U.S.C. § 547 and *Am. Postal Workers Union v. Indep. Postal Sys.*, 481 F.2d 90, 92 (6th Cir. 1973). (R. 28, PageID 1556.) The Court added that 'it does not matter whether Essak believes there is sufficient evidence to make out a criminal RICO charge — she cannot bring one.' *Id.*

### B. Congress Created a Private Civil RICO Cause of Action.

The District Court's analysis would be unassailable if Plaintiff-Appellant had attempted to initiate a criminal RICO prosecution. She did not. She pleaded a civil RICO claim under 18 U.S.C. § 1964(c), which provides: 'Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.' 18 U.S.C. § 1964(c).

Section 1964(c) is the textbook example of an express congressional grant of a private right of action. The Supreme Court confirmed in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481, 491–95 (1985), that civil RICO claims are independent of any criminal proceeding and do not depend on a prior criminal charge or conviction: 'A defendant need not be convicted of any predicate offense — let alone all of them.' *Id.* at 488.

**C. The District Court's Cited Authority Does Not Support Its Holding.**

*American Postal Workers Union*, the case on which the District Court relied, addressed whether a private litigant could imply a private right of action under a federal criminal statute regulating mail delivery that contained no express private right of action. 481 F.2d at 92. It did not address civil RICO under § 1964(c), which contains an express private right of action. Section 547 of Title 28, also cited by the District Court, defines the duties of United States Attorneys — it has no bearing on civil RICO claims. Neither authority supports the District Court's conclusion.

**D. The Error Is Independently Reversible.**

Because the District Court applied the law governing criminal RICO prosecution — a claim Plaintiff-Appellant never asserted — it never performed the analysis the civil RICO claim required: whether the Amended Complaint alleged (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to business or property. *Sedima*, 473 U.S. at 496. This legal error, reviewed de novo, requires reversal. On remand, the civil RICO claim must be evaluated under the correct statutory framework in the first instance.

**E. The Civil RICO Claim Was Never Analyzed on Its Merits.**

The District Court's conflation of civil and criminal RICO caused a second, compounding error: it dismissed a claim Plaintiff-Appellant never brought and never reached the claim she did bring. These two errors reinforce one another. If the District Court understood Count VI to be a confused attempt to bring criminal charges, that supposed defect was precisely the kind a single amendment opportunity could have cured — Plaintiff-Appellant could have clarified that Count VI states a civil claim under § 1964(c). By dismissing without leave to amend, the District Court foreclosed the very correction that would have resolved its stated concern.

## III. THE DISTRICT COURT ERRED BY DISMISSING WITHOUT AFFORDING AN OPPORTUNITY TO AMEND.

### A. The Sixth Circuit's Rule on Pre-Dismissal Amendment.

This Court has consistently held that, before dismissing a pro se complaint under § 1915, a district court 'ordinarily must give the plaintiff at least one opportunity to amend' to cure the specific deficiencies the court identifies. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *accord Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ('[I]f it is at all possible that the party . . . can . . . state a claim for relief, the court should ordinarily . . . permit[] . . . amendment.'). This rule implements Federal Rule of Civil Procedure 15(a)(2), under which leave to amend 'should be freely give[n] . . . when justice so requires,' and *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. No Post-Screening Opportunity to Cure Was Provided.

Plaintiff-Appellant filed her Amended Complaint on August 6, 2025 (R. 12), as of right and before any judicial screening — before the District Court had identified any deficiency in her pleading. The screening order of October 7, 2025 (R. 23, PageID 1234–1245) was the first occasion on which the District Court articulated the specific defects it found, and that same order dismissed the action. The opportunity LaFountain and Brown guarantee was never provided.

Amending once on one's own initiative, before any defect has been identified, is not a substitute for the post-screening opportunity to amend. The two serve different functions: the first is the plaintiff's own refinement of her claims; the second is her chance to respond to the court's stated reasons for dismissal. Plaintiff-Appellant exercised the former but was denied the latter.

### C. No Prejudice to Defendants.

No Defendant was ever served with process. No Defendant appeared in the District Court. No Defendant incurred any expense in defense. Amendment cannot prejudice any party. *Foman*, 371 U.S. at 182 (identifying 'undue prejudice to the opposing party' as a factor weighing against leave). This is the paradigmatic circumstance in which leave to amend must be granted.

## IV. THE DISTRICT COURT FAILED TO APPLY THE PRO SE LIBERAL CONSTRUCTION STANDARD.

Pro se complaints must be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This standard traces to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and has been reaffirmed repeatedly. Pro se status does not excuse failure to allege facts supporting a claim, but it does require the court to construe what is alleged generously and to identify whether the allegations could support any legally cognizable theory.

The District Court described Plaintiff-Appellant's allegations as 'indecipherable' and 'opaque' and faulted her for failing to provide 'coherent explanation' of her constitutional claims (R. 28, PageID 1556) — a standard more exacting than that applied to counseled complaints. Where a pro se complaint identifies discrete factual events, names specific actors, and asserts violations of identified constitutional rights supported by documentary evidence, the proper judicial response is to construe those allegations to fit legally cognizable theories, not to dismiss them for failing to meet the specificity standard applicable to formal pleadings.

The documentary evidence in the record — the Bach email, the race-altered report, the cashier's checks — is not 'indecipherable.' Each document corresponds to a cognizable legal theory: the Bach email to § 1983 conspiracy under *Dennis v. Sparks*, 449 U.S. 24 (1980); the race alteration to equal protection and fabricated evidence; the financial records to RICO predicate acts of wire fraud. Liberal construction required the District Court to make these connections, not demand that a pro se litigant articulate them with the precision of a trained attorney.

## V. ROOKER-FELDMAN WAS MISAPPLIED.

The Rooker-Feldman doctrine, as clarified in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Id.* at 284. The doctrine does not bar federal claims that are 'parallel' to state court proceedings or that arise from the same facts — it bars only claims that functionally ask the federal court to reverse a state court judgment.

Plaintiff-Appellant's federal claims do not seek the district court's 'review and rejection' of any state-court judgment. She does not ask the District Court to

vacate, modify, or set aside any state-court order. Her civil RICO claim concerns the conduct of the alleged enterprise — fraudulent communications, fabricated records, witness tampering, coordinated attorney misconduct — that constitute independent federal-law violations regardless of the outcome of any state proceeding. The injury for which she seeks federal redress is not caused by any state-court judgment; it is caused by the alleged enterprise's coordinated racketeering activity.

Similarly, the domestic-relations exception does not bar federal jurisdiction over RICO and civil rights claims merely because some underlying facts arise from divorce or custody proceedings. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), confines the exception to cases seeking divorce, alimony, or child custody decrees. No such relief is sought here. A federal court does not lack jurisdiction over a civil RICO claim simply because the enterprise's activities were first deployed in a domestic relations courtroom.

## VI. THE RULE 59(e) MOTION SHOULD HAVE BEEN GRANTED.

### A. The Rule 59(e) Standard.

A district court may alter or amend its judgment under Rule 59(e) based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Each of these grounds was presented in Plaintiff-Appellant's Rule 59(e) motion (R. 24) and supplements (R. 25, R. 26, R. 27).

### B. The MSC Remand Constitutes Newly Discovered Evidence and Manifest Injustice Grounds.

On February 27, 2026 — during the pendency of the Rule 59(e) motion — the Michigan Supreme Court entered an order remanding *Essak v. Sosnowski*, SC No. 169359 / COA No. 376884, to the Michigan Court of Appeals for plenary appellate review. (R. 26.) The remand does not adjudicate any federal claim. It bears on this appeal for the limited proposition that the Michigan Supreme Court, applying its own jurisdiction, found the underlying dispute of sufficient non-frivolous merit to require full appellate consideration.

The District Court characterized Plaintiff-Appellant's claims as factually frivolous — as describing scenarios so implausible as to be 'clearly baseless.' *Denton*, 504 U.S. at 33. If that characterization were accurate, the Michigan

Supreme Court would have denied leave without remand. The remand does not prove the federal claims — but it is newly discovered evidence, post-dating the October 7, 2025 dismissal, that bears directly on whether the factual foundation of those claims can properly be called 'clearly baseless.'

The District Court's order denying Rule 59(e) relief (R. 28, PageID 1553–1560) does not address the MSC remand. Failure to consider an intervening development with direct bearing on the underlying frivolousness finding constitutes an abuse of discretion satisfying the 'manifest injustice' standard of Rule 59(e). *GenCorp*, 178 F.3d at 834.

### C. The Civil RICO Error Constitutes Clear Error of Law.

The District Court's application of criminal RICO standards to a civil § 1964(c) claim is a clear error of law independently justifying Rule 59(e) relief. A ruling that applies the wrong statute to the wrong claim is not a matter of judicial discretion — it is legal error reviewable de novo. *Brumley*, 909 F.3d at 841.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant Rhonda Essak respectfully requests that this Court:

(1) Reverse the District Court's October 7, 2025 Order Dismissing Complaint (R. 23, PageID 1234–1245);

(2) Vacate the District Court's April 23, 2026 Order Denying Rule 59(e) Relief (R. 28, PageID 1553–1560);

(3) Remand for further proceedings with instructions that Plaintiff-Appellant be afforded an opportunity to amend her complaint consistent with this Court's precedents in LaFountain and Brown, and that the civil RICO claim under 18 U.S.C. § 1964(c) be analyzed under the correct statutory framework; and

(4) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Rhonda Essak

Rhonda Essak
Plaintiff-Appellant, Pro Se
3345 Giddings Blvd
Highland Township, MI 48356
(248) 818-4444
rwared@gmail.com

Dated: July 9, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts exempted by Rule 32(f), it contains approximately 6,800 words, well within the 13,000-word limit for principal briefs.

This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font.

Rhonda Essak

Rhonda Essak

Dated: July 9, 2026

## CERTIFICATE OF SERVICE

I, Rhonda Essak, certify that on the date set forth below, I served a true and correct copy of the foregoing Brief of Plaintiff-Appellant by First Class United States Mail, postage prepaid, on the Clerk of the United States Court of Appeals for the Sixth Circuit at 100 East Fifth Street, Room 540, Potter Stewart U.S. Courthouse, Cincinnati, Ohio 45202-3988.

No Defendants-Appellees have appeared in this appeal. The underlying complaint was dismissed at screening pursuant to 28 U.S.C. § 1915(e)(2)(B) before service of process, and no counsel has entered an appearance on behalf of any Defendant-Appellee. Plaintiff-Appellant will serve any Appellee who enters an appearance promptly upon such entry.

I declare under penalty of perjury that the foregoing is true and correct.

Rhonda Essak

Dated: July 9, 2026

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 28(b)(1)(A)(i), Plaintiff-Appellant designates the following district court documents from Case No. 2:25-cv-11470-LJM-DRG (E.D. Mich.) as relevant to this appeal:

**R. 1** Complaint (filed May 16, 2025; entered May 19, 2025)

**R. 5** Application to Proceed Without Prepaying Fees or Costs (May 16, 2025)

**R. 9** Order Denying TRO and Preliminary Injunction (July 25, 2025) — PageID 68–80

**R. 12** Amended Complaint with Jury Demand — New Parties Added (August 6, 2025) — PageID 151–310

**R. 13** Motion to Vacate State Court Judgments (August 11, 2025)

**R. 19** Order Granting Motion to Expedite and Denying Emergency TRO (September 3, 2025) — PageID 394–405

**R. 21** Order Denying Emergency Motion for Reconsideration (September 8, 2025) — PageID 425–434

**R. 22** Order Denying Motion to Vacate State Court Judgments (September 24, 2025) — PageID 440–450

**R. 23** Opinion and Order Granting IFP and Dismissing Complaint (October 7, 2025) — PageID 1234–1245

**R. 24** Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (October 27, 2025) — PageID 1246–1310

Key PageID anchors within R. 24:

• Bach email — PageID 1264

• Race alteration in Sheriff's report — PageID 1267–68

• Cashier's check financial records — PageID 1329–1337

**R. 25** Supplemental New Evidence in Support of Rule 59(e) Motion (February 5, 2026)

**R. 26** Notice of Supplemental Authority — MSC Remand SC No. 169359 (March 4, 2026)

**R. 27** Plaintiff's Index of Authorities and Exhibits (March 23, 2026)

**R. 28** Order Denying Motion to Alter or Amend Judgment (April 23, 2026) — PageID 1553–1560

**R. 29** Notice of Appeal (May 6, 2026) — PageID 1561–1562


RECEIVED
$12.70